ENRIQUE IRIZARRY, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1533. Argued November 8, 1943.—Decided November 18, 1943.

*Carlos E. Colón* for petitioner. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was convicted in the municipal court for violation of Act No. 31, Laws of Puerto Rico, 1943. He appealed to the district court, where he filed a demurrer to the complaint.[1] One of the defendant's contentions at the oral argument on this demurrer was that the district court lacked jurisdiction because Act No. 31 giving the insular courts jurisdiction of violations of the Federal Emergency Price Control Act was void, inasmuch as the said Federal Act conferred exclusive jurisdiction for such violations on the Federal courts. However, instead of ruling on the defendant's demurrer on its merits, the lower court overruled it on the ground that it failed to comply with §154 of the Code of Criminal Procedure reading as follows:

---

[1] The demurrer read in part as follows:

"That this Honorable District Court of Ponce as well as the lower court where this case was originally heard lack jurisdiction to entertain the same."

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of objection to the information, or it must be disregarded."

The case is here on certiorari to review that ruling.

It could be argued with considerable plausibility that the defendant's demurrer does specify the ground of his objection to the information, and that what it does not contain are simply the arguments to be adduced in support of such grounds. However, we need not go that far in order to decide this case. We have held in *People* v. *Rosa,* 25 P.R.R. 833, that where a demurrer to an information contained merely the statement that the facts alleged therein do not constitute a public offense (p. 835), "the court, in view of its privileged character, should have heard the parties on its merits and ruled thereon as the circumstances demanded." A demurrer to the jurisdiction of a court is of the same privileged character; that is to say, objections to the jurisdiction of the court or that the facts stated do not constitute a public offense under §161 of the Code of Criminal Procedure may be raised at any stage of the proceedings (*The People* v. *Trápaga,* 15 P.R.R. 196). We therefore hold that the district court should have passed on the merits of the demurrer herein.

We are not to be understood as condoning the practice of filing a bare statement to this effect and requiring the court on its own initiative to find and to apply the pertinent statutes and cases. On the contrary, attorneys should give every assistance to the court in disposing of legal questions raised by them. In the instant case counsel for the defendant discharged this duty by making an oral argument on the Law. If the district judge had preferred that such an argument be submitted in writing, he was at liberty to call for briefs. But, in either event, he should have decided the question raised by the demurrer on its merits.

The order of the district court will be vacated and the case will be remanded for further proceedings not inconsistent with this opinion.